UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHNATHAN KRAVITZ,

                Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,
THE CITY OF NEW YORK, NEW YORK CITY
CHILD SUPPORT SERVICES and
THE NEW YORK CITY FAMILY COURT

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

Plaintiff, JOHNATHAN KRAVITZ, by and through his attorneys, RICOTTA & MARKS, P.C., complaining of Defendants herein, alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from the false continued imprisonment of Plaintiff in which the New York City Family Court, acting under color of state law, intentionally and willfully subjected Plaintiff to, *inter alia*, false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

4. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

5. Venue is proper pursuant to 28 U.S.C. § 1331, 42 U.S.C. §1983, and the Fifth and Fourteenth Amendment to the United States Constitution.

6. All conditions precedent to maintaining this action have been fulfilled. A Notice of Claim was served upon the Defendants and the City of New York has neglected and failed to adjust the claims within the statutory time period.

## **PARTIES**

7. At all times hereinafter mentioned, Plaintiff Johnathan Kravitz ("Kravitz") was and still is a resident of the County of Richmond, State of New York.

8. Defendant, New York State Unified Court System ("Court System") was and still is a municipal entity located at 25 Beaver Street, New York, New York 10004.

9. Defendant, The City of New York ("City"), was and still is a municipal corporation organized under the laws of the State of New York, with a service address of 100 Church Street, New York, New York 10007.

10. Defendant, New York City Child Support Services ("NYCSS"), was and still is a municipal entity located at 151 West Broadway, New York, New York 10013.

11. Defendant, New York City Family Court ("Family Court"), was and still is a municipal entity located at 60 Lafayette Street, New York, New York 10013.

## FACTS

12. On or about August 22, 2018, Kravitz appeared before Judge Karen B. Wolff ("Judge Wolff") in the New York City Family Court, Richmond County, as a result of his being in arrears in child support payments in the amount of $2,000 to his ex-wife.

13. At that appearance, by Order of Judge Wolff, Kravitz was detained, which was to be for a period of six months or after he paid the $2,000 in arrears, whichever came sooner. Judge Wolff advised Kravitz that upon payment of said money he would be released. At that time, Kravitz advised the Court that he was awaiting the money and would have it within a week.

14. On or about September 10, 2018, Kravitz, through his sister-in-law, because he was imprisoned, submitted a payment of $2,000 to Defendant NYCSS through its Child Support Processing Center to satisfy his outstanding child support.

15. On or about September 14, 2018, the $2,000 was paid to Kravitz's ex-wife, fulfilling all child support payments that were in arrears.

16. Pursuant to Judge Wolff, upon said payment, Kravitz was to be released from jail at MDC, where he was being held. However, despite making said payment on September 10, 2018, CSS failed to report said payment, resulting in Kravitz being wrongfully incarcerated until November 27, 2018.

17. During the period of time from September 10, 2018 to November 27, 2018, Kravitz remained incarcerated without cause or reason.

18. On or about November 27, 2018, Kravitz made an application to the Family Court for his release. It was only at that time, that Kravitz was finally able to secure his release, despite the fact that he was held for 78 days without cause, probable cause, reason, or due process.

19. The conduct of Defendants in continuing to imprison Kravitz without reason caused Kravitz physical, emotional and financial damage, as well as serious emotional pain and suffering, mental anguish, fright, humiliation, embarrassment and deprivation of his constitutional rights.

20. At all times relevant herein, the Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to, Kravitz's rights and physical and mental well-being by imprisoning Kravitz.

21. The actions were the result of Defendants failure to properly train, supervise and discipline its employees. This failure to train, supervise and discipline is a consequence of the deliberate practices of the Defendants. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of Defendants.

22. At all relevant times, Defendants developed, implemented, enforced, encouraged and sanctioned de facto polices, practices, an/or customs exhibiting deliberate indifference to Kravitz's constitutional rights, which cause the violation of his rights.

23. Defendants have acted with deliberate indifference to the constitutional rights of Kravitz. As a direct result of the acts stated herein by Defendants, Kravitz's constitutional rights have been violated which caused him to suffer physical, mental and emotional injuries.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 and Fifth and Fourteenth Amendments)

24. Plaintiff incorporates the above paragraphs by reference.

25. By their conduct, as detailed herein, and acting under color of state law, Defendants are liable to Plaintiff under for their violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process under the law under the Fifth and Fourteenth Amendments to the United States Constitution.

26. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Kravitz's of his constitutional rights under the Fifth and Fourteenth amendment to the United States Constitution.

27. The constitutional abuses and violations by Defendants were directly and proximately caused by the policies, practices and/or customs developed, implemented, enforced, encourages and sanctioned by Defendants, including, the failure: (a) to adequately supervise and train its employees and agents, thereby failing to adequately discourage constitutional violations on the part of its employees and agents; (b) to properly and adequately monitor and discipline its agents and employees; and (c) to adequately and properly ensure that individuals are timely released from incarceration upon their payment of any owed child support.

28. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered damages, including physical and emotional damages.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
October 8, 2019

>RICOTTA & MARKS, P.C.
>*Attorneys for Plaintiff*
>31-10 37th Avenue, Suite 401
>Long Island City, New York 11101
>(347) 464-8694
>
>_____
>Thomas Ricotta